## Trustees of Schools v. James A. Mitchell and George C. Mitchell.

TRIAL BY THE COURT—*Finding Against the Weight of the Evidence.*—A finding by the judge, trying a case without a jury, which is the result of a mistake as to the amount due, will be reversed.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1897. Reversed and remanded. Opinion filed February 9, 1898.

ISAAC HUDSON, attorney for appellant.

R. M. PEADRO, attorney for appellees.

OPINION PER CURIAM:—On the first day of October, 1879, appellees and one S. S. Wallace executed their note to appellants for $87.01 and interest at the rate of eight per cent payable in one year. After making several payments, Wallace removed to Missouri, where he resided four or five years. During his absence appellees, who had signed as securities, were called upon to pay the unpaid part of the note. There was a calculation made by the school treasurer, who ascertained that there was unpaid $46, whereupon appellees, on the nineteenth day of September, 1887, executed a new note for that amount. Wallace returned to the State and died in 1895. Appellees refused to pay the $46, for the reason that Wallace claimed there was not that amount due on the old note September 19, 1887. This suit was commenced before a justice of the peace, and on appeal to the Circuit Court, a judgment was recovered by appellants for $20.10. Appellants ask for a reversal because the judgment is not large enough.

When the old note was introduced upon the trial, the only indorsement that could be read was, "$10.45 on Oct. 4, 1883." A postal card of that date, addressed to Wallace, containing the following, was exhibited:

"LOVINGTON, Oct. 4, '83.

"DEAR SIR:—Yours of recent date rec. Enclosing $20—the note shows a credit of $4.50 Mch. 2nd. 83 by F. M. H. The balance is $10.45 to this date.

"Yours truly,

"COCHRAN & POLLARD."

Entries in the cash book of the school treasurer, showing what had been paid on the old note, were in evidence. If they were correct, then the note sued on represented the amount due on the nineteenth of September, 1887, and the judgment should have been for $73.65. We think the court erred in finding the amount due on the fourth of October, 1883, was only $10.45. The party who wrote the postal, an attorney into whose hands the note had been placed for collection, was mistaken as to the amount due. Appellants were not bound by his statement. The judgment should have been for the full amount of the $46 note and interest, less the sum of $5.52, paid thereon April 5, 1889.

The judgment must be reversed and the cause remanded.